UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY EDMONDS, <br><br>     Plaintiff, <br><br>     v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>     Defendant. | No. 2:16-cv-0675-KJN <br><br><br> ORDER |

Plaintiff Jeffrey Edmonds seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act").[1]  In his motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from June 15, 2008, his alleged disability onset date, through the date of the final administrative decision.  (ECF No. 12.)  The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment.  (ECF No. 15.)  No optional reply brief was filed.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes.  (ECF Nos. 6, 8.)

1

For the reasons that follow, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the final decision of the Commissioner.

I. BACKGROUND

Plaintiff was born on March 17, 1962, has a ninth grade education, can communicate in English, and previously worked as a landscape laborer, taxi driver, and fast food cook. (Administrative Transcript ("AT") 19, 30, 191, 193-94.)[2] On June 27, 2012, plaintiff applied for DIB and SSI, alleging that his disability began on June 15, 2008, and that he was disabled due to chronic obstructive pulmonary disorder ("COPD"), asthma, emphysema, lower back pain, carpal tunnel, gout, arthritis, anxiety, comprehension problems, and depression. (AT 10, 75-76, 175, 177, 192.) After plaintiff's application was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on June 25, 2014, and at which plaintiff and a vocational expert ("VE") testified. (AT 10, 24-52.) The ALJ subsequently issued a decision dated October 15, 2014, determining that plaintiff had not been under a disability, as defined in the Act, from June 15, 2008, plaintiff's alleged disability onset date, through the date of the ALJ's decision. (AT 10-19.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on January 27, 2016. (AT 1-3.) Plaintiff then filed this action in federal district court on March 30, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II. ISSUES PRESENTED

On appeal, plaintiff argues that the ALJ erroneously determined at step two of the sequential disability evaluation process that plaintiff did not have a severe mental impairment.

////

////

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

III.   LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV.   DISCUSSION

Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB and SSI pursuant to the Commissioner's standard five-step analytical framework.[3]  As an initial matter, the ALJ determined that plaintiff

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program.  42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing her past relevant work?  If so, the

3

met the insured status requirements of the Act for purposes of DIB through December 31, 2009. (AT 12.) At the first step, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since June 15, 2008, plaintiff's alleged disability onset date. (Id.) At step two, the ALJ found that plaintiff had the following severe impairments: chronic obstructive pulmonary disease, hypertension, obstructive sleep apnea, and obesity. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 16.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that the claimant can lift and/or carry, push and/or pull 50 pounds occasionally and 25 pounds frequently, stand and/or walk (with normal breaks) for a total of eight hours in an eight-hour workday, sit (with normal breaks) for a total of eight hours in an eight-hour workday, and is limited to no concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc.

(AT 16.)

At step four, the ALJ determined, in reliance on the VE's testimony, that plaintiff was capable of performing his past relevant work as a taxi driver (with a specific vocational preparation ["SVP"] level of 3) and fast food cook (with a SVP level of 5). (AT 19.) Thus, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from June 15, 2008, through the date of the ALJ's decision. (Id.)

---

claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

4

<u>Plaintiff's Substantive Challenges to the Commissioner's Determinations</u>

In this case, the consultative examining psychologist who evaluated plaintiff, Dr. Miles White, diagnosed plaintiff with a mood disorder not otherwise specified and borderline intellectual functioning. (AT 286.) As noted above, plaintiff contends that the ALJ erred in finding that plaintiff did not have a severe mental impairment at step two.

Under the Commissioner's regulations, an impairment or combination of impairments is deemed to be severe at step two if it "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 404.1521(a). "When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include—(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b). As the Ninth Circuit Court of Appeals has explained, "the step-two inquiry is a de minimis screening device to dispose of groundless claims. An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal citations and quotation marks omitted).

Under the applicable standard, the ALJ properly determined that plaintiff did not have a severe mental impairment at step two. As the ALJ noted, although plaintiff was receiving no mental health treatment and taking no prescription medication at the time that he was evaluated by Dr. White in October 2012, Dr. White assessed plaintiff as having mild or no limitations in almost all of the mental functioning domains, noting that plaintiff's "overall presentation reflected the presence of these psychological symptoms [anxiety and depression], but they were nonpervasive and mild in range of impairment." (AT 279, 281, 286-87.) Indeed, plaintiff himself described his mental symptoms as "fleeting and not pervasive in nature." (AT 281.) Additionally, the state agency psychologists who reviewed plaintiff's records opined that

plaintiff's mental impairments were non-severe. (AT 14, 61, 83.)

Plaintiff makes much of the fact that Dr. White found that plaintiff had marked restrictions in his ability to follow and complete detailed and complex instructions. (AT 286.) As an initial matter, plaintiff fails to explain how any marked restriction with respect to detailed and complex instructions necessarily renders plaintiff's mental impairments severe, given that it does not significantly limit a basic work activity as defined in the Commissioner's regulation. See 20 C.F.R. § 404.1521(b) (referring to, *inter alia*, understanding, carrying out, and remembering *simple* instructions).[4]

Moreover, even assuming, without deciding, that the ALJ technically erred by not finding a severe mental impairment at step two, that error was harmless. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990) (harmless error analysis applicable in judicial review of social security cases); Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is harmless"). Plaintiff's RFC here was essentially for medium work with some environmental restrictions, and plaintiff does not challenge the ALJ's findings in that regard. (AT 16.) Even if the ALJ had included a limitation to non-detailed, non-complex work in the RFC, plaintiff would have been deemed not disabled at step five based on the Grids, because the Grids take administrative notice of the numbers of *unskilled* jobs that exist throughout the national economy at various functional levels. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(b); see also Barbosa v. Colvin, 2014 WL 4929420, at *6 (E.D. Cal. Sep. 30, 2014) (finding simple, routine work consistent with unskilled work); Chase v. Colvin, 2014 WL 4544096, at *14 (N.D. Cal. Sep. 12, 2014) (same). As such, any error was inconsequential to the ultimate non-disability determination.

---

[4] The Commissioner also argues that the ALJ properly rejected Dr. White's restrictions with respect to detailed and complex work. In light of Dr. White's otherwise mild findings, the marked restrictions appear to have been imposed in light of the intelligence testing administered by Dr. White, which generally demonstrated borderline intellectual functioning. As the ALJ observed, plaintiff actually recalled that he did well in elementary school, received average grades, and did not receive special education services. (AT 13, 280.) Additionally, some of plaintiff's prior work as an adult included SVP 5 level work. (AT 19, 51.) In any event, because the issue is ultimately inconsequential to the non-disability determination for the reasons discussed in this decision, the court declines to resolve it.

1 | V.     CONCLUSION

2 |     In sum, the court finds that the ALJ's decision is free from prejudicial error and supported
3 | by substantial evidence in the record as a whole.  Accordingly, IT IS HEREBY ORDERED that:
4 |     1.     Plaintiff's motion for summary judgment (ECF No. 12) is DENIED.
5 |     2.     The Commissioner's cross-motion for summary judgment (ECF No. 15) is
6 | GRANTED.
7 |     3.     The final decision of the Commissioner is AFFIRMED, and judgment is entered
8 | for the Commissioner.
9 |     4.     The Clerk of Court shall close this case.
10 |     IT IS SO ORDERED.
11 | Dated:  March 24, 2017

*[signature: Kendall J. Newman]*

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE